986 F.2d 1415
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roosevelt STRONG, Plaintiff-Appellant,
v.
Bill POE; Peggie Godfrey; Agnez Parker; J. D. McNeill;
D. T. Byler, Defendants-Appellees.
 No. 92-7203.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 1, 1993
Decided: March 5, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-90-381)
 Roosevelt Strong, Appellant Pro Se.
 Ellen M. Gregg, Womble, Carlyle, Sandridge & Rice, Winston-Salem, North Carolina; Michael Bannon Brough, Michael B. Brough & Associates, Chapel Hill, North Carolina; David Marshall Duke, Young, Moore, Henderson & Alvis, P.A., Raleigh, North Carolina, for Appellees.
 E.D.N.C.
 DISMISSED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Roosevelt Strong noted this appeal outside the thirty-day appeal period established by Fed. R. App. P. 4(a)(1), and failed to move for an extension of the appeal period within the additional thirty-day period provided by Fed. R. App. P. 4(a)(5). The time periods established by Fed. R. App. P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore grant the Appellees' motions to dismiss the appeal.* We deny Strong's motion for the appointment of counsel and motion in opposition to motion to dismiss this case, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 We decline to entertain Strong's Fed. R. Civ. P. 60 motion to vacate the judgment because it was erroneously filed in this Court instead of the district court